# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY MAYS, | No. 4:19-CV-00631 |
| Plaintiff. | (Judge Brann) |
| v. | |
| SGT. BARNETT, MS. HAMMERS, and MS. LILLY, | |
| Defendants. | |

## MEMORANDUM OPINION

### APRIL 16, 2019

## I.  BACKGROUND

Anthony Mays, a Pennsylvania state prisoner, filed this 42 U.S.C. § 1983 complaint alleging that his rights were violated when Sergeant Barnett told other correctional officers ("CO")—including Ms. Hammers and Ms. Lilly—that Mays has AIDS.[1] Mays alleges that he does not have AIDS, and that at some undefined point in time Barnett was informed by a nurse that Mays does not have AIDS.[2] Mays has also filed a motion to proceed *in forma pauperis*;[3] for screening purposes that motion will be granted.

---

1   Doc. 1.

2   *Id.* at 2-3.

3   Doc. 2.

## II. DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs who proceed *in forma pauperis*.[4] This obligation requires the Court to dismiss a complaint if it fails to state a claim upon which relief may be granted.[5] To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."[6]

"Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States."[7] However, § 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right."[8] Thus, "[t]o establish valid claims under § 1983, the plaintiff must demonstrate that the defendants, while acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States."[9]

---

[4] 28 U.S.C. § 1915(e)(2)(B).

[5] *Id.* § 915(e)(2)(B)(ii).

[6] *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

[7] *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir.2005).

[8] *Id.*

[9] *Id.*

Even under the liberal standard of review granted to pro se litigants, Mays' complaint fails to state a claim against any Defendants. First, Mays fails to allege that Defendants Hammers or Lilly took any action that could have violated Mays' rights. The only reference to Hammers or Lilly in the body of the complaint is a brief mention that both Hammers and Lilly were informed by Barnett that Mays has AIDS.[10] Such a sparse allegation is insufficient to state a claim against either Hammers or Lilly.

Additionally, the only allegation against Barnett is that Barnett told several COs that Mays has AIDS.[11] Although Mays alleges that Barnett was told by a nurse that this statement was false,[12] Mays includes no timeline, so it is unclear whether Barnett knew that his statement was false at the time that he made it. Furthermore, there is no indication that Barnett made the statement with malicious intent rather than for a legitimate purpose, such as medical treatment. Finally, even assuming that the statement was false, and that Barnett knew of its falsity, making such a false statement, standing alone, is insufficient to state a claim for relief.[13] Consequently, Mays fails to state a claim against Barnett. However, because it is not clear that

---

[10] Doc. 1 at 2-3.

[11] *Id.*

[12] *Id.* at 3.

[13] *Cf. Richardson v. Sherrer*, 344 F. App'x 755, 757 (3d Cir. 2009) (concluding that "filing false disciplinary charges does not itself violate a prisoner's constitutional rights").

3

amendment would be futile, Mays will be provided an opportunity to amend his complaint.[14]

## III. CONCLUSION

For the foregoing reasons, this Court will grant Mays' motion to proceed *in forma pauperis* but dismiss the complaint without prejudice for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).